### VENNELL v. UNITED STATES.

#### Civ. A. No. 858.

District Court, E. D. Pennsylvania.
Jan. 27, 1941.

Lewis H. Van Dusen, Jr., and Drinker, Biddle & Reath, all of Philadelphia, for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

The complainant in this action seeks to recover from the United States the sum of $1,697.15, together with interest, which was paid to the United States pursuant to the provisions of Section 16 of the Agricultural Adjustment Act, Act of May 12, 1933, c. 25, Title 1, sec. 16, 48 Stat. 40, 7 U.S.C.A. § 616, this amount being the tax assessed upon floor stock held by a business operated by the estate, of which the complainant is now administrator.

I make the following special findings of fact.

1. Paul B. Adamson died domiciled in Philadelphia County, Pennsylvania, on July 18, 1931, leaving a last will and testament wherein and whereby he appointed his wife, Mary Start Adamson, as his executrix. She qualified as executrix and the will appointing her was admitted to probate on July 24, 1931. At the time of his death, Paul B. Adamson was the sole owner and operator of an unincorporated business trading as Joseph Adamson & Company, engaged in the manufacture and sale of tape and webbing. The widow and her attorney-in-fact, Germantown Trust Company, operated the business, Joseph Adamson & Company, at Germantown and Columbia Avenues, Philadelphia, Pa., from July 18, 1931, the date of the death of the decedent, until on or about June 15, 1934. From December 1, 1931 until on or about June 15, 1934 Mary Start Adamson, as executrix, and Germantown Trust Company as her attorney-in-fact, at all times employed William E. Howe, 1603 Mitten Building, Philadelphia, Pa., Certified Public Accountant, and Mr. John A. Spellman to carry on the actual operations of the business.

2. On or about August 1, 1933, pursuant to the provisions of Section 16 of the Agricultural Adjustment Act of 1933, Act of May 12, 1933, C. 25, Title 1, 48 Stat. 40, the plaintiff's predecessor, Mary Start Adamson, executrix of the estate of Paul B. Adamson, deceased, filed with the then Collector of Internal Revenue for the First District of Pennsylvania the estate's return for Federal Floor Stocks Tax upon floor stock held by the said estate of Paul B. Adamson, deceased, trading as Joseph Adamson & Company, at its factory at Germantown and Columbia Avenues, Philadelphia, Pa. This return showed floor stocks held on August 1, 1933, as follows:·

| | | |
|---|---|---|
| Yarn | 23,274 | lbs. |
| Cotton tape | 12,182 | " |
| Non-elastic webbing | 1,708 | " |
| Elastic webbing | 1,247 | " |
| Total | 38,411 | " |

The tax assessed, in the amount of $1,697.15, was paid to the Collector of Internal Revenue at Philadelphia, Pa., as follows:

| | |
|---|---|
| On August 31, 1933 | $424.29 |
| On September 29, 1933 | 424.29 |
| On October 31, 1933 | 424.29 |
| On December 1, 1933 | 424.28 |

648

3. By adjudication dated June 17, 1936, Judge Bok in the Orphans' Court of Philadelphia County issued a decree removing Mary Start Adamson as executrix of the Estate of Paul B. Adamson, deceased, and vacated the Letters Testamentary which had been granted to her. On June 30, 1936, the Register of Wills of Philadelphia County, Pennsylvania, appointed Leroy L. Vennell, plaintiff in this suit, as administrator d.b.n.c.t.a. of the estate of Paul B. Adamson, deceased. Mr. Vennell since has duly qualified.

4. On Tuesday, June 29, 1937, the plaintiff, Leroy L. Vennell, administrator d.b.n.c.t.a. of the Estate of Paul B. Adamson, deceased, filed with the Collector of Internal Revenue for the First District of Pennsylvania a claim for refund of the amount of tax collected from the estate of Paul B. Adamson, deceased, on August 31, 1933, September 29, 1933, October 31, 1933 and December 1, 1933, totalling $1,697.15, with interest.

5. Upon the incidence of the tax the sale prices of products manufactured by Joseph Adamson & Company were increased so as to include the amount of the tax.

6. The plaintiff did not establish that no part of the burden of the tax upon Joseph Adamson & Company was shifted through the inclusion of the amount thereof in the price of its manufactured articles.

7. The plaintiff established that a small but indeterminate amount of the taxed stock was sold in such a way that the tax burden was not shifted, but the plaintiff did not establish that Joseph Adamson & Company was not relieved of any particular part of the tax burden.

8. The Commissioner of Internal Revenue disallowed the plaintiff's claim for refund.

### Discussion.

The enactment under which the tax was collected was invalidated by the decision of the United States Supreme Court in the case of the United States v. Butler, 297 U.S. 1, 56 S.Ct. 312, 80 L.Ed. 477, 102 A.L.R. 914.

The Congress in order to prevent a reimbursement of taxes paid prior to this decision where the tax had been, in fact, borne by another or others than the party actually paying the same, established certain conditions to allowance of refunds. Act of June 22, 1936, ch. 690, sec. 902, 49 Stat. 1747, 7 U.S.C.A. § 644. In effect, the conditions here pertinent are that the claimant must prove that it bore the burden of the tax and that it has not been relieved thereof nor reimbursed therefor, nor shifted such burden, directly or indirectly.

■ This court has jurisdiction without regard to the amount in controversy. Act of June 22, 1936, ch. 690, sec. 905, 49 Stat. 1748, 7 U.S.C.A. § 647.

The great bulk of the goods and material subjected to tax was admittedly sold thereafter at a price aimed to recoup the tax paid. It is the contention of the claimant, however, that the desired effect was not obtained since the other costs, currently increased, closely approximated the new price. Upon this basis the claim for refund is founded. The evidence establishes that an increase in other costs did occur, but, I cannot agree that the fact these costs practically equalled the increased sales prices establishes that the tax, in fact, was not passed on to the vendees of the goods. The tax was but one factor in the cost of the goods sold, and I am not convinced that the tax was not shifted to the purchasers. The fact of continued net losses cannot operate to impair the effect of the evidence that the prices at which the goods were sold were set with a view to recover the tax paid.

■ The plaintiff's witness, Howe, at one point made reasonably specific estimates of an amount of goods alleged to have been carried continuously, during the pertinent period, in the inventory, but on cross-examination stated that he could not say, as a matter of fact, that any specific amount was retained. Having failed to demonstrate that the tax was not passed on by raising the price of the goods sold, and having failed to establish that any specific amount of goods subjected to tax was not sold during the period such prices were effective, it follows that the plaintiff cannot be allowed a refund.

■ The plaintiff urges that the conditions to refund established by the Act of the Congress, authorizing the same, are unconstitutional if they operate to preclude recovery in this instance, because a requirement is created which it is impossible for the plaintiff to meet. True, a barrier to recovery has proven insurmountable in this instance. However, I do not deem it an unconstitutional barrier. Since in many cases those who bore the initial burden of the tax later decreed illegal

had, in the interim between its establishment and invalidation, shifted the burden to others, it was necessary by insertion of conditions to recovery to forestall recovery by many claimants in order to prevent unjust enrichment. I do not deem the condition which faced the plaintiff unreasonable. The plaintiff's inability to recover seems clearly to be a result of admitted efforts to shift the burden placed on the bulk of its goods and proven inability to define the amount of goods sold free of the burden. The dilemma is in no sense a product of inherent unconstitutionality of the Act.

### Conclusions of Law.

1. The plaintiff is not entitled to a refund of any part of the tax paid.

2. The United States is entitled to judgment.

So ordered.