**VENNELL v. UNITED STATES.**
Civil Action No. 858.

District Court, E. D. Pennsylvania.
April 18, 1941.

382

For prior opinion, see 36 F.Supp. 646.

Lewis H. Van Dusen, Jr., and Drinker, Biddle & Reath, all of Philadelphia, Pa., for plaintiff.

Samuel O. Clark, Jr., Asst. Atty. Gen., Andrew D. Sharpe and Frederic G. Rita, Sp. Assts. to Atty. Gen., and Gerald A. Gleeson, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for defendant.

BARD, District Judge.

This case is before the court at this time on plaintiff's petition to amend findings of fact incorporated in the decision rendered on January 27, 1941, D.C., 36 F.Supp. 646.

Judgment was entered by the Clerk of the Court on the date of the decision. Informal request in Chambers for amendment was made by plaintiff's counsel on January 30. The court suggested plaintiff seek a stipulation with the government before filing a formal petition.

Correspondence between counsel and with the court concerning a stipulation extended beyond the middle of February. On February 21 a formal petition was filed. This delay was the direct consequence of the court's suggestion.

Rule 52 (b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the court may amend its findings upon motion of a party made not later than ten days after entry of judgment. Counsel for the defendant urges that the petition must be denied by reason of the fact that it was not filed within ten days of entry of judgment.

The Rule is unequivocal and defines a time restriction which the court must be reluctant to alter. It does not purport to restrict the court's power to amend the findings on its own motion. However, in this latter regard as well, an analogous period seems proper. But, in either case, I am decided that circumstances properly may require and justify extension. It is specifically provided in Rule 1 that the Rules shall be construed to secure just determination of actions.

In this instance timely steps were taken in preparation for a motion to amend. The filing of the motion was delayed, at the court's suggestion, to determine whether the parties would stipulate the substance of an amendment. The amendments sought are not inconsistent with the legal conclusions, but are urged as being well within the scope of the legal conclusions. The purpose of the petition was to incorporate sufficient additional findings that the opinion could itself suffice as a record for appeal, the estate being too small to bear the financial burden of printing the entire record.

It is my conclusion that, under the circumstances, it was within the court's power to allow an extension of time for motion to amend.

Some of the requested amendments contain considerable detail which I was and am convinced is unnecessary if not impertinent to my legal conclusions. Their essence, however, is that the business was operated at a net loss during the period in question. In fact such is the substance of the one requested amendment, which I am decided to make.

Counsel for the defendant argues that, since the judgment will not be affected, amendment should be denied. There is authority for this position. Great Lakes Casualty Co. v. Peano et al., D.C., 1 F.R.D. 244. Here, however, the suggested finding, though consistent with my expressed opinion prefacing my legal conclusions, will greatly abbreviate the record on appeal. Were it required to bear the burden of printing the entire record, the estate could not finance an appeal, even on the sole question of the legal effect of continued net losses.

The findings of fact shall be amended to include the following:

9. During the entire period in question the business was operated at a net loss.

Other requested amendments must be disallowed.

So ordered.